UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETHAN FAULKNER., <br><br> Plaintiff, <br><br> v. <br><br> LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, <br><br> Defendant. | Case No.  21-cv-780 SI <br><br> **FINAL PRETRIAL SCHEDULING ORDER** <br><br> Re: Dkt. Nos. 69-75, 81 |

On January 17, 2023, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning February 1, 2023. All parties were represented by counsel. The following matters were resolved:

**1.** **Number of jurors and challenges:** There will be a jury of 8 members. Each side shall have 4 peremptory challenges.

**2.** **Voir dire:** The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings. Counsel for each side shall have up to 20 minutes total to question the panel. The parties are directed to meet and confer concerning a neutral, non-argumentative statement of the case which can be read to the jury panel at the beginning of the voir dire process; **this statement shall be provided to the Court no later than Friday, January 27, 2023, at 3:00 p.m.**

**3.     Jury instructions:**  The Court received proposed jury instructions from the parties, reflecting some differences and disagreements of the parties.  The Court will review same and inform counsel prior to closing argument which substantive instructions will be given.

**4.     Trial exhibits:**  No later than Friday, January 27, 2023, at 3:00 p.m. the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit.  The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses).

**5.     Timing of trial:**  The parties have stipulated to bifurcate trial of liability/damages and punitive damages.  The parties further estimate that the trial should take 7-10 days.  Based on these estimates, and on the fact that the current witness list will be substantially reduced to eliminate cumulative testimony, the Court will set the matter for an 8 day trial, as follows:  each side shall have up to 30 minutes to present opening statements; each side shall have 11 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits, during the damages/liability phase; each side shall have up to 1 hour for closing argument; and, if punitive damages are implicated, each side shall have one additional hour for opening statement, presentation of evidence and argument.

**6.     Trial schedule:**  Jury selection will begin on February 1, 2023, at 9:00 a.m.  The trial day runs from 9:00 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate.  The Court does not hear trials on Fridays, although juries may continue to deliberate on Fridays.  The parties should be prepared to give opening statements on February 1. 2023.

**7.     Motions in limine:** Plaintiff filed four motions in limine. Dkt. No. 81. Defendant has filed seven motions in limine. Dkt. Nos. 69-75. At the pretrial conference, plaintiff asked the Court to defer ruling on defendant's Motions in Limine No. 1 and No. 5, pending submission of plaintiff's pared down witness list (due January 20 at 3:00 p.m.) and a declaration from defense counsel regarding the policies that plaintiff alleges defendant wrongfully withheld during discovery. The Court therefore defers ruling on Dkt. Nos. 69 and 73 at this time.

After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules on the remaining motions in limine as follows:

----Plaintiff's Motion No. 1 (limiting opening statement to evidence in record of case): **GRANTED.** Defendant does not object, to the extent both parties are held to the same standard. With regard to opening statements, counsel shall only refer to evidence that they are certain will be admitted during the course of trial; if there is any question about this, counsel shall approach the bench outside of the presence of the jury before referring to the evidence in openings. Demonstratives may be used only if previously reviewed and approved by opposing counsel or the court.

----Plaintiff's Motion No. 2 (precluding David Kuo from testifying as a witness): **DENIED.** Kuo has firsthand knowledge that is relevant to one of the main reasons defendant gave for terminating plaintiff.

----Plaintiff's Motion No. 3 (striking expert report and precluding David Rosenberg, M.D., from testifying): **DENIED,** except that Dr. Rosenberg shall testify "solely to contradict or rebut evidence on the same subject matter" to which plaintiff's three non-retained experts testify at trial. *See* Fed. R. Civ. P. 26(a)(2)(D); *see also Taylor v. N. Inyo Hosp.*, No. 15-cv-001607-LJO-JLT, 2017 WL 1273840, at *6 (E.D. Cal. Feb. 17, 2017) (striking expert rebuttal designation of Dr. Rosenberg "to the extent that Dr. Rosenberg offers affirmative opinions that exceed proper rebuttal evidence"). Dr. Rosenberg's report shall not be admitted into evidence, as the report contains affirmative opinions that exceed proper rebuttal evidence. At trial, Dr. Rosenberg may not offer any advocacy in the guise of opinions. *See, e.g.*, Dr. Rosenberg's Opinion #1. He shall not offer any opinions outside of those contained in his report, unless the testimony of plaintiff's non-retained experts covers additional topics.

3

----Plaintiff's Motion No. 4 (precluding collateral source references): **GRANTED,** as to payments from insurance or other collateral sources that plaintiff has received; however, the fact of their existence (such as the existence of plaintiff's health insurance) may be used as a line of questioning in the manner defendant describes in its opposition, if defendant first seeks clearance from the Court outside of the presence of the jury.

----Defendant's Motion No. 1 (to exclude undisclosed witnesses and documents), Dkt. No. 69: The Court will defer ruling until after the parties have filed a revised witness list, due January 20, 2023, at 3:00 p.m.

----Defendant's Motion No. 2 (to exclude any reference to Joseph Wilson's State Bar reproval), Dkt. No. 70: **GRANTED.** Plaintiff may question Mr. Wilson about this time period in his life, such as about his father's illness, to the extent it is relevant to any action/inaction he took with respect to plaintiff's HR complaints; but plaintiff may not mention the State Bar reproval or State Bar disciplinary proceedings. The State Bar reproval itself is more prejudicial than it is probative under Federal Rule of Evidence 403.

----Defendant's Motion No. 3 (to exclude reference to dismissed or unpled claims), Dkt. No. 71: At the pretrial conference, plaintiff's counsel confirmed that she would not raise her dismissed FEHA and FMLA claims at trial. **DENIED,** as to the motion to exclude the LPCH Harassment, Discrimination, and Retaliation Policy, which may provide context for plaintiff's claims. **DENIED, without prejudice to specific objections to specific question at the time of trial,** as to the request to preclude plaintiff from discussing "harassment." The Court **DEFERS** ruling on the request to exclude plaintiff's requested jury instructions.

----Defendant's Motion No. 4 (to exclude (1) Victoria McLaughlin and (2) her one-page handwritten summary), Dkt. No. 72: **DENIED,** as to the motion to exclude Ms. McLaughlin from testifying, except that Ms. McLaughlin may testify only about opinions "formed during the course of treatment." *See Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). Ms. McLaughlin shall not testify to statements about which Ms. McLaughlin does not have firsthand knowledge, such as statements that "staff and nurses she managed were thriving under her

supervision" and that plaintiff's "superiors suddenly dismissed her." **GRANTED,** as to the motion to exclude Ms. McLaughlin's one-page handwritten summary. Plaintiff does not oppose exclusion of the one-page summary, but plaintiff may use the summary at trial for the purpose of refreshing Ms. McLaughlin's recollection.

----Defendant's Motion No. 5 (to exclude James W. Potts, JD), Dkt. No. 73: The Court will defer ruling until after defense counsel files a declaration (due January 20, 2023, at 3:00 p.m.) regarding the policies that were not produced.

----Defendant's Motion No. 6 (to exclude evidence, argument, or mention of (1) any settlement or judgment involving LPCH in unrelated lawsuits, (2) post-litigation settlement discussions, or (3) the existence of any pending lawsuits against LPCH): GRANTED, without prejudice to plaintiff making an offer of proof at the time of trial, outside of the presence of the jury, as to what evidence of prior lawsuits she seeks to have admitted.

----Defendant's Motion No. 7 (to exclude reference to prior NICU patient care managers at LPCH): GRANTED, without prejudice to plaintiff making an offer of proof at the time of trial, outside of the presence of the jury, as to what reference to prior patient care managers she seeks to have admitted. Plaintiff shall likewise seek permission from the Court, outside of the presence of the jury, before referring to prior patient care managers in her opening statement. Plaintiff may "set the stage" as background for the type of job that plaintiff was taking on in this role, but plaintiff may not refer to the reasons for other patient care managers' termination without the Court's permission.

**8.     Other Matters:** The parties shall submit a reduced, realistic witness list no later than **Friday, January 20, 2023**. For each witness, the list must provide a "brief statement describing the testimony to be given," with sufficient clarity that a determination as to the cumulative nature of the testimony may be made. Also by **Friday, January 20, 2023**, defense counsel shall file a declaration explaining which HR policies were requested by plaintiff, which policies were produced and why the other policies referred to by plaintiff's counsel were not produced previously.

5

**IT IS SO ORDERED**.

Dated: January 18, 2023

SUSAN ILLSTON
United States District Judge