1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

BETHAN FAULKNER,

8

Plaintiff,

9

v.

10

LUCILE PACKARD SALTER CHILDREN'S HOSPITAL,

11

Defendant.

Case No. 21-cv-00780-SI

**JURY INSTRUCTIONS --**

**REVISED COURT PROPOSAL**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# TABLE OF CONTENTS

**Jury Instruction No. 1** — Duty of Jury

**Jury Instruction No. 2** — Claims And Defenses

**Jury Instruction No. 3** — Burden Of Proof—Preponderance Of The Evidence

**Jury Instruction No. 4** — Burden Of Proof—Clear And Convincing Evidence

**Jury Instruction No. 5** — What is Evidence

**Jury Instruction No. 6** — What is Not Evidence

**Jury Instruction No. 7** — Evidence For A Limited Purpose

**Jury Instruction No. 8** — Direct and Circumstantial Evidence

**Jury Instruction No. 9** — Ruling on Objections

**Jury Instruction No. 10** — Credibility of Witnesses

**Jury Instruction No. 11** — Stipulations of Fact

**Jury Instruction No. 12** — Expert Opinion

**Jury Instruction No. 13** — Charts and Summaries Not Received in Evidence

**Jury Instruction No. 14** — Charts and Summaries Received in Evidence

**Jury Instruction No. 15** — Bias

**Jury Instruction No. 16** — Wealth of Parties

**Jury Instruction No. 17** — Insurance

**Jury Instruction No. 18** — Corporations and Partnerships – Fair Treatment

**Jury Instruction No. 19** — Liability of Corporations – Scope of Authority Not in Issue

**Jury Instruction No. 20** — Statements of a Party Opponent

**Jury Instruction No. 21** — Business Judgment

**Jury Instruction No. 22** — Wrongful Discharge in Violation of Public Policy – Essential Factual Elements

**Jury Instruction No. 22A** – Further Explanation of Wrongful Discharge in Violation of Public Policy

**Jury Instruction No. 23** — "Substantial Motivating Reason" Explained

**Jury Instruction No. 24** — Causation – Substantial Factor

**Jury Instruction No. 25** — Limitation on Remedies – Same Decision

**Jury Instruction No. 26** — Introduction to Tort Damages – Liability Contested

**Jury Instruction No. 27** — Items of Economic Damages

**Jury Instruction No. 28** — Damages from Employer for Wrongful Discharge (Economic Damage)

**Jury Instruction No. 29** — Items of Noneconomic Damage

**Jury Instruction No. 30** — Physical Pain, Mental Suffering and Emotional Distress (Noneconomic Damage)

**Jury Instruction No. 31** — Jurors Not to Consider Attorney Fees and Costs

**Jury Instruction No. 32** — Damages – Mitigation

**Jury Instruction No. 33** — Damages Arising in the Future – Discount to Present Cash Value

**Jury Instruction No. 34** — Punitive Damages – Entity Defendant – Bifurcated Trial (First Phase)

**Jury Instruction No. 35** — Duty to Deliberate

**Jury Instruction No. 36** — Consideration of Evidence – Conduct of the Jury

**Jury Instruction No. 37** — Communication with Court

**Jury Instruction No. 38** — Return of Verdict

United States District Court
Northern District of California

JURY INSTRUCTION NO. 1

Duty of Jury

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

JURY INSTRUCTION NO. 2

Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Beth Faulkner is a Registered Nurse and Doctor of Nursing Practice, certified in Neonatal Critical Care Nursing. You may have heard the Parties and witnesses refer to Plaintiff as "Plaintiff," "Ms. Faulkner" or "Beth."

Defendant Lucile Salter Packard Children's Hospital at Stanford operates a Neonatal Intensive Care Unit – Level 4, which is a specialized nursery for critically ill newborns. You have heard the Parties and witnesses refer to Defendant as "Defendant" or "LPCH." You have heard the Neonatal Intensive Care Unit referred to as the "NICU."

Plaintiff began working for Defendant in October 2011. In December 2018, Plaintiff was offered and accepted a different position as the Interim Patient Care Manager of the NICU. In June

*(left margin, rotated)* United States District Court Northern District of California

2019, Plaintiff was offered and accepted a position as the Patient Care Manager of the NICU.

Plaintiff contends that she made complaints about patient safety and conditions while employed at LPCH.  Plaintiff's employment was terminated on November 11, 2020.  Plaintiff contends that she was wrongfully terminated in violation of public policy, in retaliation for her complaints.  Plaintiff has the burden of proving these claims by a preponderance of the evidence.

Defendant denies Plaintiff's contentions and asserts that it terminated her employment due to her inadequate job performance.  Defendant also raises certain affirmative defenses.  Defendant has the burden to prove its affirmative defenses by a preponderance of the evidence.  Plaintiff denies Defendant's contentions.

JURY INSTRUCTION NO. 3

Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

JURY INSTRUCTION NO. 4

Burden of Proof—Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

JURY INSTRUCTION NO. 5

What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.


JURY INSTRUCTION NO. 6

What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)      Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 7

Evidence For a Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I have instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

JURY INSTRUCTION NO. 8

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 9

Ruling on Objections

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

JURY INSTRUCTION NO. 10

Credibility Of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 11

Stipulations of Fact

The parties have agreed to certain facts:

- Ms. Faulkner was hired by LPCH in October 2011 as a Neonatal Clinical Specialist.

- On December 3, 2018, LPCH offered, and Ms. Faulkner, accepted the position of Interim Patient Care Manager ("Interim PCM") in the Neonatal Intensive Care Unit ("NICU") at LPCH.

- On or about May 5, 2019, Ms. Faulkner resigned from the Interim PCM position.

- On June 7, 2019, LPCH offered, and Ms. Faulkner accepted, the position of Patient Care Manager ("PCM") - NICU, effective June 16, 2019.

- As the Interim PCM and as the PCM, Ms. Faulkner directly reported to Sheryl Goldstein, Director of Neonatal and Obstetric Services.

- On August 28, 2020, LPCH placed Ms. Faulkner on a Performance Improvement Plan ("PIP").

- On November 11, 2020, LPCH terminated Ms. Faulkner's employment.


You must therefore treat these facts as having been proved.


JURY INSTRUCTION NO. 12

Expert Opinion

You have heard testimony from Dr. Ken Lehrer and Erik Volk, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 13

Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

JURY INSTRUCTION NO. 14

Charts and Summaries Received in Evidence

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

JURY INSTRUCTION NO. 15

Bias

Each one of us has biases about or certain perceptions or stereotypes of other people.  We may be aware of some of our biases, though we may not share them with others.  We may not be fully aware of some of our other biases.  Our biases often affect how we act, favorably or unfavorably, toward someone.  Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors you are being asked to make very important decisions in this case.  You must not let bias, prejudice, or public opinion influence your decision.  You must not be biased in favor of or against parties or witnesses because of their disability, gender, gender identity, gender expression, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

Your verdict must be based solely on the evidence presented.  You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

JURY INSTRUCTION NO. 16

Wealth of Parties

In reaching a verdict, you may not consider the wealth or poverty of any party.  The parties' wealth or poverty is not relevant to any of the issues that you must decide.


JURY INSTRUCTION NO. 17

Insurance

You must not consider whether any of the parties in this case has insurance.  The presence or absence of insurance is totally irrelevant.  You must decide this case based only on the law and the evidence.


JURY INSTRUCTION NO. 18

Corporations and Partnerships – Fair Treatment

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.


JURY INSTRUCTION NO. 19

Liability of Corporations – Scope of Authority Not in Issue

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.


JURY INSTRUCTION NO. 20

Statements of a Party Opponent

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

When you evaluate evidence of such a statement, you must consider these questions:

1          1.      Do you believe that the party actually made the statement?  If you do not believe that the party made the statement, you may not consider the statement at all.

      2.      If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

JURY INSTRUCTION NO. 21

Business Judgment

In California, employment is presumed to be "at will."  That means that an employer may discharge an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a retaliatory reason.


JURY INSTRUCTION NO. 22

Wrongful Discharge in Violation of Public Policy – Essential Factual Elements

Beth Faulkner claims she was discharged from employment for reasons that violate a public policy.  It is a violation of public policy to make a retaliatory discharge of an employee or to retaliate in any manner against an employee who presents a complaint or report to a health facility or to medical staff of the facility.  It is a violation of public policy to terminate an employment relationship with or otherwise penalize a health care practitioner principally for advocating for appropriate health care for patients.  To establish this claim, Beth Faulkner must prove all of the following:

1.    That Beth Faulkner was employed by LPCH;

2.    That LPCH discharged Beth Faulkner;

3.    That Beth Faulkner's presentation of a complaint or report about unsafe patient care, services or conditions at LPCH, to LPCH or its medical staff, was a substantial motivating reason for Beth Faulkner's discharge;

4.    That Beth Faulkner was harmed; and

5.    That the discharge was a substantial factor in causing Beth Faulkner harm.


JURY INSTRUCTION NO. 22A

Further Explanation of Wrongful Discharge in Violation of Public Policy

The claim before you is for wrongful discharge in violation of public policy.  It is based on an allegation that LPCH discharged Ms. Faulkner in retaliation for presenting a complaint or report about unsafe patient care, services, or conditions at LPCH, to LPCH or its medical staff.  In this

trial, you have heard mention of "hostile work environment." The question of whether LPCH discharged Ms. Faulkner in retaliation for presenting a complaint or report about "hostile work environment" is not before you. Rather, the question is whether LPCH discharged Ms. Faulkner in retaliation for presenting a complaint or report about unsafe patient care, services, or conditions at LPCH, to LPCH or its medical staff.

JURY INSTRUCTION NO. 23

"Substantial Motivating Reason" Explained

A "substantial motivating reason" is a reason that actually contributed to the decision to dismiss Beth Faulkner. It must be more than a remote or trivial reason. It does not have to be the only reason motivating the dismissal.

JURY INSTRUCTION NO. 24

Causation—Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

JURY INSTRUCTION NO. 25

Limitation on Remedies – Same Decision

Ms. Faulkner claims that she was discharged because she presented a complaint or report about unsafe patient care, services or conditions at Lucile Packard Children's Hospital ("LPCH"), which is an unlawful retaliatory reason for discharge. LPCH claims that Ms. Faulkner was discharged because of inadequate job performance, which is a lawful reason.

If you find that Ms. Faulkner has proven by a preponderance of the evidence that retaliation was a substantial motivating reason for Ms. Faulkner's discharge, you must then consider LPCH's stated reason for the discharge.

If you find that LPCH has proven by a preponderance of the evidence that plaintiff's

United States District Court
Northern District of California

inadequate job performance was also a substantial motivating reason, then you must determine whether LPCH has proven by a preponderance of the evidence that it would have discharged Ms. Faulkner anyway at that time based on her inadequate job performance even if it had not also been substantially motivated by retaliation.

In determining whether Ms. Faulkner's inadequate job performance was a substantial motivating reason, determine what actually motivated LPCH, not what it might have been justified in doing.

If you find that LPCH discharged Ms. Faulkner for a retaliatory reason, you will be asked to determine the amount of damages that she is entitled to recover.  If, however, you find that LPCH would have discharged Ms. Faulkner anyway at that time for inadequate job performance, then Ms. Faulkner will not be entitled to back pay or damages.


JURY INSTRUCTION NO. 26

Introduction to Tort Damages – Liability Contested

If you decide that Beth Faulkner has proved her claim against LPCH, you also must decide how much money will reasonably compensate Beth Faulkner for the harm.  This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by LPCH's wrongful conduct, even if the particular harm could not have been anticipated.

Beth Faulkner does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Beth Faulkner:


Lost future earnings, past loss of earnings, and non-economic damages.

United States District Court
Northern District of California

JURY INSTRUCTION NO. 27

Items of Economic Damages

The following are the specific items of economic damages claimed by Beth Faulkner:

Past and future loss of earnings.

JURY INSTRUCTION NO. 28

Damages from Employer for Wrongful Discharge (Economic Damage)

Past and future lost earnings.

If you find that LPCH discharged Beth Faulkner in violation of public policy, then you must decide the amount of past and future lost earnings that Beth Faulkner has proven she is entitled to recover, if any.  To make that decision, you must:

1.  Decide the amount that Beth Faulkner would have earned up to today, including any benefits and pay increases; and
2.  Add the present cash value of any future earnings and benefits that she would have earned for the length of time the employment with LPCH was reasonably certain to continue.

In determining the period that Beth Faulkner's employment was reasonably certain to have continued, you should consider such things as:

(a)  Beth Faulkner's age, work performance, and intent regarding continuing employment with LPCH;
(b)  LPCH's prospects for continuing the operations involving Beth Faulkner; and
(c)  Any other factor that bears on how long Beth Faulkner would have continued to work.

JURY INSTRUCTION NO. 29

Items of Noneconomic Damage

The following are the specific items of noneconomic damages claimed by Beth Faulkner: Past and future mental suffering, emotional distress, and humiliation.

JURY INSTRUCTION NO. 30

Physical Pain, Mental Suffering and Emotional Distress (Noneconomic Damage)

Past and future mental suffering, emotional distress, and humiliation.

No fixed standard exists for deciding the amount of these noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering, emotional distress, and humiliation, Beth Faulkner must prove that she is reasonably certain to suffer that harm.

For future mental suffering, emotional distress, and humiliation, determine the amount in current dollars paid at the time of judgment that will compensate Beth Faulkner for future mental suffering, emotional distress, and humiliation.  This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

JURY INSTRUCTION NO. 31

Jurors Not to Consider Attorney Fees and Court Costs

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

JURY INSTRUCTION NO. 32

Damages – Mitigation

Beth Faulkner has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

LPCH has the burden of proving by a preponderance of the evidence:

1.  that Beth Faulkner failed to use reasonable efforts to mitigate damages; and

United States District Court
Northern District of California

2.  the amount by which damages would have been mitigated.

JURY INSTRUCTION NO. 33

Damages Arising in the Future—Discount to Present Cash Value

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as past and future mental suffering, emotional distress, and humiliation are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money that may be caused by future inflation.

JURY INSTRUCTION NO. 34

Punitive Damages – Entity Defendant – Bifurcated Trial (First Phase)

If you decide that LPCH's conduct caused Beth Faulkner harm, you must decide whether that conduct justifies an award of punitive damages.  The amount, if any, of punitive damages will be an issue decided later, in a brief proceeding.

At this time, you must decide whether Beth Faulkner has proved that LPCH engaged in that conduct with malice, oppression, or fraud.  To do this, Beth Faulkner must prove one of the following by clear and convincing evidence:

1.  That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of LPCH who acted on behalf of LPCH; or

2.  That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of LPCH; or

3. That one or more officers, directors, or managing agents of LPCH knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that LPCH acted with intent to cause injury or that LPCH's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that LPCH's conduct was despicable and subjected Beth Faulkner to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that LPCH intentionally misrepresented or concealed a material fact and did so intending to harm Beth Faulkner.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.

JURY INSTRUCTION NO. 35

Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

JURY INSTRUCTION NO. 36

Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your

1    jury service or anything about this case, you must respond that you have been ordered not to discuss

2    the matter and to report the contact to the court.

3         Do not read, watch, or listen to any news or media accounts or commentary about the case

4    or anything to do with it, although I have no information that there will be news reports about this

5    case; do not do any research, such as consulting dictionaries, searching the Internet, or using other

6    reference materials; and do not make any investigation or in any other way try to learn about the

7    case on your own.  Do not visit or view any place discussed in this case, and do not use Internet

8    programs or other devices to search for or view any place discussed during the trial.  Also, do not

9    do any research about this case, the law, or the people involved—including the parties, the witnesses

10   or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything

11   touching on this case in the media, turn away and report it to me as soon as possible.

12        These rules protect each party's right to have this case decided only on evidence that has

13   been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy

14   of their testimony is tested through the trial process.  If you do any research or investigation outside

15   the courtroom, or gain any information through improper communications, then your verdict may

16   be influenced by inaccurate, incomplete or misleading information that has not been tested by the

17   trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the

18   case based on information not presented in court, you will have denied the parties a fair trial.

19   Remember, you have taken an oath to follow the rules, and it is very important that you follow these

20   rules.

21        A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

22   mistrial could result that would require the entire trial process to start over.  If any juror is exposed

23   to any outside information, please notify the court immediately.

24

25                              JURY INSTRUCTION NO. 37

26                               Communication with Court

27        If it becomes necessary during your deliberations to communicate with me, you may send a

28   note through the clerk, signed by your presiding juror or by one or more members of the jury.  No

United States District Court
Northern District of California

member of the jury should ever attempt to communicate with me except by a signed writing.  I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.   Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

JURY INSTRUCTION NO. 38

Return of Verdict

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.